263 F.2d 738
 Peter H. OLSON, as Special Trustee of Local 118, Bakery and Confectionery Workers' International Union of America, and as Acting Secretary-Treasurer of the Bakery and Confectionery Workers' International Union of America, Appellant,
v.
Charles MILLER et al., Appellees.
 No. 14443.
 United States Court of Appeals District of Columbia Circuit.
 Argued November 13, 1958.
 Decided February 12, 1959.
 Petition for Rehearing Denied March 13, 1959.
 
 Mr. Abraham J. Harris, Washington, D. C., with whom Messrs. John V. Long and James H. Heller, Washington, D. C., were on the brief, for appellant.
 Mr. Isaac N. Groner, Washington, D. C., with whom Messrs. Henry Kaiser and Stephen I. Schlossberg, Washington, D. C., were on the brief, for appellee Charles Miller and certain other appellees.
 Mr. David C. Colladay, Washington, D. C., with whom Mr. Edward F. Colladay, Washington, D. C., was on the brief, for appellee Second Nat. Bank of Washington.
 Mr. Chapin B. Bauman, Washington, D. C., entered an appearance for appellee Oriental Bldg. Ass'n.
 Messrs. William F. Kelly and Richard H. Nicolaides, Washington, D. C., entered appearances for appellee City Bank of Washington.
 Messrs. T. Howard Duckett and Cary M. Euwer, Washington, D. C., entered appearances for appellee Prudential Bldg. Assn.
 Mr. Edwin Shelton, Washington, D. C., entered an appearance for appellee Washington Permanent Bldg. Ass'n.
 Before BAZELON, BASTIAN and BURGER, Circuit Judges.
 BURGER, Circuit Judge.
 
 
 1
 The District Court dismissed appellant's complaint in an action brought first, as Special Trustee of Local 118 (Washington, D. C., local), Bakery and Confectionery Workers' International Union of America (hereinafter called BCW) and second as Acting Secretary-Treasurer of the BCW International. Defendants were described as officers and members of Local 118 who participated in the disaffiliation of the local and its subsequent affiliation with the American Bakery and Confectionery Workers' International Union (ABC). Joined as defendants were deposit institutions alleged to have assets of the unions allegedly represented by appellant.
 
 
 2
 The individual appellees were charged with breach of contract, misappropriation of assets of Local 118 BCW and the formation of the "new" union ABC, to entice members of BCW to secede in violation of the International (BCW) Constitution. The complaint asked broad relief including damages, an accounting, return of assets and injunctive relief.
 
 
 3
 The District Court dismissed the complaint on the following grounds: (1) failure to state a cause of action in that complainant comes with unclean hands and because a labor dispute is involved; (2) lack of standing to sue; (3) failure to join indispensable parties.
 
 
 4
 (1) The substantive grounds for dismissal are not well founded. The complaint asserts the appellees or some of them have property lawfully belonging to appellants. That the opposing parties are representatives of labor unions and that some aspects of their relationships may be subject to the jurisdiction of the National Labor Relations Board does not deprive the courts of jurisdiction to pass on conflicting claims to property. Williams v. Ferguson, La. App.1958, 104 So.2d 267. A judicial decree, if any is called for, can readily be cast in terms which will not encroach on the jurisdiction of the Labor Board. In all events, resolution of the issue whether the controversy is indeed a labor dispute cannot be determined from the pleadings alone. If at some point in the development of the evidence it should become clear that a non-justiciable labor dispute is involved, the District Court can act accordingly, but such a conclusion at this stage is premature. The possibility that some non-justiciable issues may appear does not defeat the jurisdiction of the court. If justiciable issues develop that are separable from labor issues within the exclusive jurisdiction of the Board, the Court may proceed, and the final judgment can be framed so as not to encroach on Labor Board powers.
 
 
 5
 The second phase of the substantive grounds — that appellant has "unclean hands" is a purely equitable defense, which may be demonstrated by evidence at some stage of the proceeding but does not appear now.
 
 
 6
 (2) Appellees argue that the complaint shows Local 118 BCW was effectively dissolved December 21, 1957, and it follows that appellant is without standing to represent that Local in any capacity. Appellant maintains, on the other hand, that the complaint shows nothing more than a purported dissolution which he contends was ineffective. The BCW Constitution which is part of the complaint provides "no local can dissolve while seven members remain in good standing and desire to retain the charter." Within the complaint, by reference, is a sworn statement which is part of an affidavit, reciting an alleged December 21, 1957 meeting at which 700 of the 1100 members were present and that the 700 voted unanimously to dissolve. Appellees point to this as disposing of the issue of standing, despite other affirmative allegations in which appellant claims to be the "duly designated * * * Special Trustee of Local 118" and also that "more than seven members of Local 118 desire to retain its charter."
 
 
 7
 We agree that December 21, 1957, the meeting date, is the critical date as to which seven objecting members must assert their "desire to retain [the] charter," and the allegation is not explicitly directed to that date. Other infirmities in the dissolution may, however, be shown. We must remember these are pleadings, not evidence, and by the usual rules of construing pleadings we feel constrained to hold this is sufficient to put the question in issue, even if not artful in a technical sense.
 
 
 8
 The allegation that appellant is Acting Secretary-Treasurer is sufficient to give him standing, even though the constitution describes no such office but only Secretary-Treasurer.
 
 
 9
 (3) In order to be declared "indispensable" a party must have a material interest in the subject matter which will inevitably be affected by any judgment which can be rendered. Parties will not be considered indispensable "if they are cestui que trusts whose interests their trustee may adequately represent in the particular litigation." Green v. Brophy, 1940, 71 App.D.C. 299, 302, 110 F.2d 539, 542, 9 A.L.R.2d 1. See Shields v. Barrow, 1854, 17 How. 129, 130, 58 U.S. 129, 130, 15 L.Ed. 158.
 
 
 10
 Appellant asserts a trusteeship over certain property and asserts appellees wrongfully hold that property. He asserts he is trustee for either Local 118 BCW or of the BCW International. If, as we have held, he has standing to sue, it follows that he represents the International's interests. If the factions and internal conflicts of Local 118 create conflicts of interest, each interest must be represented independently. In the present state of the record it would appear that Local 118 BCW is an indispensable party since no party now joined can appropriately represent the interests of all its members, some of whom are alleged to be in conflict with others. Equally indispensable is Local 118 ABC which, according to the complaint, makes claim to the property in dispute. The complaint does not allege that any present appellees are appropriate representatives of the interests of that group. The ABC International, however, can be represented in this litigation by its local and we hold that the ABC International is not an indispensable party; appellant is an adequate representative of the interests of BCW International.
 
 
 11
 From the present state of the record, it appears that appellant has failed to join two indispensable parties: the two local unions concerned. But this should not lead to dismissal on that ground; infirmity in this respect is not a jurisdictional defect[1] and opportunity should be afforded to remedy the deficiency within the framework of this action.
 
 
 12
 One of the appellees, Second National Bank of Washington, urges affirmance of the dismissal as to it and allowance of its costs, including attorneys' fees, to be paid by appellant. We are of the view that the action of the District Court in dismissing the complaint as to appellee, Second National Bank of Washington, is correct and that portion of the order dismissing the complaint is affirmed. We find no abuse of the District Court's discretion in denying costs under the wide discretion granted by Rule 54(d), Fed.R.Civ.P. 28 U.S.C.A.
 
 
 13
 The order of the District Court dismissing the complaint is vacated except insofar as the order dismissed the complaint as to the Second National Bank of Washington and the case remanded for further proceedings not inconsistent with this opinion. If appellant fails to join such parties as the District Court regards as indispensable, after opportunity is offered, the complaint should, of course, be dismissed.
 
 
 14
 Reversed and remanded.
 
 
 
 Notes:
 
 
 [1]
 See State of Washington v. United States, 9 Cir., 1936, 87 F.2d 421, 427. But see Calcote v. Texas Pac. Coal & Oil Co., 5 Cir., 157 F.2d 216, 167 A.L.R. 413, certiorari denied, 1946, 329 U.S. 782, 67 S.Ct. 205, 91 L.Ed. 671 (where court held it was a jurisdictional defect in a diversity case); Developments in the Law — Multiparty Litigation in the Federal Courts, 71 Harv.L.Rev. 874, 885 (1958)